**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**SOUTHERN NEW MEXICO
NEUROSURGERY, LLC,**

              **Plaintiff,**

    **vs.**

**BLAKE HARDIN, AND HARDIN
TECHNOLOGY MANAGEMENT,
LLC,**

              **Defendants.**

**COMPLAINT:**

1. **VIOLATIONS OF THE NMUPA;**
2. **NEGLIGENCE; and.**
3. **NEGLIGENT MISREPRESENTATION**

**JURY TRIAL DEMANDED.**

## NATURE OF ACTION

    1.    Defendants Blake Hardin and Hardin Technology Management, LLC ("Hardin Technology") wrongfully withheld electronic patient medical records from Plaintiff Southern New Mexico Neurosurgery, LLC ("Plaintiff SNMN"). No legitimate reason existed for withholding the patient medical records. Plaintiff owed Defendants no money and Defendants had a legal obligation to deliver the electronic patient medical records regarding Plaintiff SNMN's own patients. Defendants acted with the intent to harm, and in fact did harm, Plaintiff. Defendants represented in writing and verbally that they had provided all the electronic patient medical records when in fact they knew their representations were false. Defendants' action and material omissions caused Plaintiff SNMN to suffer damages including not having its electronic patient medical records, limiting in its ability to provide patient care, having to spend money to obtain the electronic patient medical records, and purchasing an unnecessary license(s), among other things. Plaintiff SNMN kept its patient records electronically. Without the electronic patient records, Plaintiff SNMN was limited in its ability to treat patients and operate its business.

901.bsf
COMPLAINT

## THE PARTIES, JURISDICTION AND VENUE

2.      This Court has personal jurisdiction over this case as all of the Parties reside in

and/or do business in Dona Ana County.

3.      Plaintiff SNMN is an entity that operates in Dona Ana County, New Mexico.

4.      Plaintiff SNMN is headquartered in New Mexico.

5.      Plaintiff SNMN is domiciled in New Mexico.

6.      Defendant Blake Hardin is an individual living in El Paso, Texas.

7.      Defendant Blake Hardin is domiciled in Texas.

8.      Defendant Hardin Technology is a business headquartered in El Paso, Texas.

9.      On information and belief, Plaintiff SNMN alleges Defendant Blake Hardin is an

owner in Defendant Hardin Technology.

10.      On information and belief, Plaintiff SNMN alleges Defendant Blake Hardin is a

File Operations Manager for Defendant Hardin Technology.

11.      Diversity of citizenship exists because Plaintiff SNMN and Defendants are citizens

of different states.

12.      This Court has jurisdiction pursuant to 28 U.S.C. §1332 and §1367(a).

13.      Venue lies in this district pursuant to 28 U.S.C. § 1391(b)(2), because a substantial

part of the events or omissions giving rise to the claims occurred in Dona Ana County.

situated in New Mexico immediately before being removed from the State.

14.      This case involves an amount in controversy greater than $75,001.

15.      One of the claims, the New Mexico Unfair Practices Act, allows for attorneys' fees

to a prevailing plaintiff. *Valverde Energy, Inc. v. Batra Hosp. Grp., Inc*., 2018 U.S. Dist. LEXIS

224920 at 11 (D.N.M. Dec. 12, 2018)("[t]herefore, the Court finds that the jurisdictional threshold of greater than $75,000 is met when reasonable attorney's fees under New Mexico statutes are included.")

16.     Defendants do business in New Mexico.

17.     Defendants made the misrepresentations alleged herein in Dona Ana County.

18.     Defendants engaged in material omissions herein in Dona Ana County.

19.     Defendants' misrepresentations caused harm in Dona Ana County.

20.     This Court has personal jurisdiction over Defendants because its breaches, acts, omissions, and/or misrepresentations occurred in Dona Ana County, New Mexico and/or the harm felt by such breaches, acts, omissions, and/or misrepresentations occurred in Dona Ana County, New Mexico.

21.     Venue in this Court is proper because Defendants' wrongful conduct giving rise to this Complaint was directed at, and caused harm in Dona Ana County, New Mexico.

22.     Defendant Hardin Technology is liable for all the acts of its owners and employees as herein alleged, through vicarious liability, agency law, and/or *respondeat superior*.

## FACTUAL ALLEGATIONS

23.     Plaintiff SNMN is an LLC providing neurosurgery and related medical services in Las Cruces, New Mexico.

24.     Dr. Brett Henderson is a licensed and board-certified neurosurgeon.

25.     Dr. Brett Henderson owns and operates Plaintiff SNMN. Plaintiff SNMN is a separate legal entity from Dr. Henderson.

26.     Plaintiff SNMN had a business arrangement with New Mexico Vein Treatment

Center LLC.

27.     Dr. Khalid Khan owns and operates New Mexico Vein Treatment Center LLC.

28.     Plaintiff SNMN and New Mexico Vein Treatment had a written sublease agreement whereby New Mexico Vein Treatment sublet office space for $2,000 /month.

29.     Plaintiff SNMN and New Mexico Vein Treatment had an Office Services Agreement whereby Plaintiff SNMN paid $5,000 /month to New Mexico Vein Treatment Center for office services, including providing competent employees and other services.

30.     One of the services provided was information technology services.

31.     Defendants provided the information technology services to Plaintiff SNMN.

32.     Plaintiff SNMN's electronic patient medical records were kept on computer(s) owned and/or operated by New Mexico Vein Treatment Center.

33.     The Office Services Agreement ended.

34.     New Mexico Vein Treatment Center had an obligation, and promised to provide, all of Plaintiff's electronic patient medical records to Plaintiff SNMN prior to removing the computers from Plaintiff's office.

35.     Defendants represented that on September 7, 2018 they removed all of Plaintiff SNMN's electronic patient medical records.

36.     Defendants represented that on September 7, 2018 they removed all of Plaintiff SNMN's electronic patient medical records, and provided it to Plaintiff.

37.     On September 7, 2018, counsel for New Mexico Vein Treatment (Jesse Jacobus) wrote the undersigned stating:

> Today, it came to my attention that Dr. Henderson is harassing
> Blake Hardin (IT personnel). Dr. Henderson will be provided with

a copy of all his files and no additional contact with Mr. Hardin is necessary. Please instruct your client to refrain from contacting Mr. Hardin further. [Exh. 1.]

38. On October 3, 2018, counsel for New Mexico Vein Treatment wrote the

undersigned on October 3, 2018 stating:

> Today, my client had a patient of Dr. Henderson's contact them regarding obtaining a copy of the patient's medical records. The patient indicated that Dr. Henderson told the patient that my client took all of the patient records and that he no longer has them. My client does not have Dr. Henderson's patients' records. **I am enclosing a letter from Blake Hardin which clearly states that all of Dr. Henderson's records that were located on the server belonging to my client have been given to Dr. Henderson and removed from my client's server.**
>
> Please confirm, in writing (1) that you have received this letter, and (2) that your client will immediately stop giving patients and others inaccurate information regarding my client.
>
> If I do not receive the requested written confirmation by October 5, 2018 we will be forced to initiate formal proceedings against your client. [Exh. 2; emphasis added.]

39. Defendants provided a letter representing they had provided all patient medical

records to Plaintiff SNMN.

40. The letter states:

> To whom it may concern,
>
> All patient medical records belonging to Southern New Mexico Neurosurgery has been taken offline and is no longer accessible to any user in or outside of the New Mexico Vein Treatment Centers network as of September 10th, 2018 8:00AM MDT. On September 7th, 2018 3:00 PM MDT all patient medical records and databases belonging to SNMN were delivered to Dr. Jill Henderson via an encrypted drive. All passwords to access the drive, and patient medical records were also given at this time.
>
> Regards,

Blake J Hardin
Field Operations Manager
bhardin@hardintech.com
915-534-9000 [Exh. 3.][1]

41.     The letter contains factually incorrect statements.

42.     The letter contains multiple misrepresentations.

43.     There is no Dr. Jill Henderson associated with Plaintiff SNMN.

44.     Defendants provided a drive to Jill Freemyer, CNP.

45.     Defendants provided a drive which did <u>not</u> containing all of Plaintiff's patient electronic records.

46.     Not all of the patient medical records belonging to Southern New Mexico Neurosurgery was not taken offline.

47.     The electronic patient medical records were accessible to at least one user.

48.     As shown below, Defendant Blake Hardin accessed the electronic patient medical records after September 7, 2018.

49.     Defendant Blake Hardin recorded on an invoice dated October 31, 2018: "Sent link of Henderson IT." Exh. 6.

50.     Defendant Blake Hardin recorded on October 26, 2018: "Sent link of Henderson

---

[1]     Please note Rule 1-008 does <u>not</u> permit a defendant to respond that the document "speaks for itself." *Lane v. Page*, 272 F.R.D. 581, 603 (D.N.M. 2011), *quoting State Farm Mut. Auto. Ins. Co. v. Riley*, 199 F.R.D. 276, 278 (N.D. Ill. 2001)); *Do It Best Corp. v. Heinen Hardware, LLC,* 2013 U.S. Dist. LEXIS 94567 at 13-14 (N.D. Ind. July 8, 2013)(collecting cases); *Ind. Reg'l Council*, 2006 U.S. Dist. LEXIS 82715 at 2 (collecting cases holding that a response indicating that a document "speaks for itself" is insufficient under the Federal Rules); *Graham Eng'g Corp. v. Adair*, 2018 U.S. Dist. LEXIS 67430 at 4-5 (M.D. Pa. Apr. 23, 2018) (granting motion to strike and stating "[t]he bare assertion that a document speaks for itself and that "no responsive pleading is required" falls short of the requirements of Rule 8(b)—even when followed by a general denial.").

IT." Exh. 6.

51.     Defendant Blake Hardin recorded on October 29, 2018 in an invoice: "Worked with Dr. Henderson's IT again as he could not download entire DocMan folder." Exh. 6.

52.     An invoice dated October 31, 2018 shows the following entry by Defendant Blake Hardin on October 30, 2018: "Continued working with Aaron with Silicon Mesa to download images as he is not able to compete the download. Copied encrypted files to new flash drive for pickup tomorrow." Exh. 6.

53.     On October 30, 2018, Defendant Blake Hardin knew Plaintiff did not have all its electronic patient records.

54.     On October 30, 2018, Defendant Blake Hardin knew or should have known Plaintiff did not have all its electronic patient records.

55.     On October 30, 2018, Defendant Blake Hardin had some notice that Plaintiff  did not have all its electronic patient records.

56.     On October 30, 2018, Defendant Blake Hardin was made aware that Plaintiff SNMN claimed it did not have all its electronic patient records.

57.     Defendant Blake Hardin's admissions show he accessed the electronic patient medical records on or about October 30, 2018.

58.     Defendant Blake Hardin recorded in an invoice: "Copied encrypted files to new flash drive for pick tomorrow." Exh. 6.

59.     After September 8, 2018, Defendant Blake Hardin had access to the electronic patient medical records.

60.     After September 8, 2018, Defendant Blake Hardin accessed to the electronic patient

medical records.

61.     On September 7, 2018, complete and full patient medical records belonging to SNMN (and its patients) was not delivered via an encrypted drive.

62.     The drive was missing large chunks of electronic patient medical records.

63.     Defendants provided approximately 35,196 files.

64.     The complete patient files consisted of approximately 169,104 files.

65.     Defendants also delivered the patient medical records in in an unusable format.

66.     The drive was unusable because Plaintiff SNMN did not have a license for e-MD software.

67.     Defendant Blake Hardin knew large chunks of the patient medical records were missing when he provided the hard drive to Jill Freemyer on September 7, 2018.

68.     Defendant Blake Hardin also knew the data for the electronic patient medical records was not useable.

69.     Defendant Blake Hardin also knew Plaintiff SNMN could not access the patient medical records without a licensed from e-MD.

70.     Defendant Blake Hardin also knew Plaintiff did not have a license from e-MD software.

71.     On September 7, 2018, Defendants had a legal obligation to provide the electronic patient medical records to Plaintiff SNMN.

72.     Defendants violated this duty and did so intentionally.

73.     During September 7, 2018 and October 30, 2018, Defendants had notice they had not delivered a complete copy of the electronic patient medical records to Plaintiff SNMN.

74.     During the time period of September 7, 2018 and October 30, 2018, Defendant Blake Hardin communicated with Dr. Khan about Plaintiff SNMN and/or Dr. Henderson not having all of the electronic patient records.

75.     During the time period of September 7, 2018 and October 30, 2018, Defendant Blake Hardin communicated with Dr. Khan about Plaintiff SNMN and/or Dr. Henderson requesting a copy of the electronic patient records.

76.     During the time period of September 7, 2018 and October 30, 2018, Defendant Blake Hardin communicated with Dr. Khan about Plaintiff SNMN and/or Dr. Henderson not being able to access the electronic patient medical records.

77.     On information and belief, Plaintiff alleges that between September 7, 2018 and October 31, 2018, Defendant Blake Hardin communicated with Jesse Jacobus about Plaintiff SNMN and/or Dr. Henderson not having all of the electronic patient records.

78.     On information and belief, Plaintiff alleges Defendant Blake Hardin communicated with Jesse Jacobus regarding Plaintiff SNMN and/or Dr. Henderson requesting a copy of the electronic patient records.

79.     On information and belief, Plaintiff alleges Defendant Blake Hardin communicated with Jesse Jacobus about Plaintiff SNMN and/or Dr. Henderson not being able to access the electronic patient medical records.

80.     During the time period of September 7, 2018 and November 1, 2018, Defendant Blake Hardin communicated with Aaron Garcia about Plaintiff SNMN and/or Dr. Henderson not having all of the electronic patient records.

81.     After September 8, 2018 Defendant Blake Hardin communicated with Aaron

Garcia about Plaintiff SNMN and/or Dr. Henderson needing to obtain the electronic patient records.

82.     After September 7, 2018, Defendant Blake Hardin had notice that Plaintiff SNMN and/or Dr. Henderson did not have all the electronic medical patient records.

83.     Throughout the period of September 7, 2018 through October 30, 2018, Aaron Garcia (of SiliconMesa) worked with Plaintiff trying to obtain its patient medical records from Defendants.

84.     During the period of September 7, 2018 through October 30, 2018, Defendants did not provide a full and complete copy of the electronic patient medical records.

85.     Mr. Garcia texted Mr. Hardin numerous times regarding not having the patient records.

86.     Plaintiff SNMN requested remote access to the patient medical records.

87.     Defendants refused remote access.

88.     Defendants claimed no remote access was available.

89.     This was false.

90.     Remote access was available.

91.     Defendants made excuses such as questioning which internet browser was being used to open the electronic patient medical records.

92.     Defendants made excuses such as questioning whether Plaintiff was using the correct internet browser to open the patient medical records, which Defendants knew would have no effect on opening the data.

93.     For example, the following is an exchange on October 30, 2018 between Defendant

Blake Hardin (left hand side) and Mr. Garcia (right):

> What browser are you using? Should use edge. I'm at 4.2gb. you can also take a flash drive to the new nmvtc office if you like.

> Firefox

> Try edge. 365 doesn't like other browsers even though they are Superior:)

> Hahaha... Ok, trying Edge now...

> If Edge doesn't work, you mentioned taking a flash drive to the new NMVTC office. Are you over there? or is there somebody else there who can download the patient medical records to a flash drive for me?

[Exh. 4, pg. 3.]

94.     When Mr. Garcia indicated he was heading over to the office to obtain the electronic patient medical records on a flash drive, Defendant Blake Hardin texted back:

> Please standby. Client is getting permission from their attorney.

[Exh. 4, pg. 3.]

95.     The "Client" referenced is New Mexico Vein Treatment.

96.     The attorney referenced is Jesse Jacobus, the same attorney who promised to provide all of the electronic patient medical records to Plaintiff and accused Dr. Henderson of "harassing" Blake Hardin regarding the patient medical records.

97.     If Defendants had *already* provided full and complete patient medical records as indicated by Defendants, there would be no reason to get permission from an attorney.

98.     Defendant Blake Hardin did not need permission from anyone to provide electronic

patient records of Plaintiff's patients to Plaintiff.

99.    During the period of September 7, 2018 to October 30, 2018, Mr. Garcia communicated to Defendant Blake Hardin that Defendant Hardin was wrongfully withholding patient records or words to that effect.

100.    Defendant Hardin's text contradicts Defendants' letter [Exh. 3] in which Defendants represented: "[a]ll patient medical records belonging to Southern New Mexico Neurosurgery has been taken offline and is no longer accessible to any user in or outside of the New Mexico Vein Treatment Centers network as of September 10th, 2018 8:00AM MDT." Exh. 3.

101.    If all the patient medical records were in fact no longer accessible on September 102, 108, Defendants could not have provided a drive of the electronic medical records to Mr. Garcia on October 31, 2018.

102.    Throughout September 7, 2018 through at least October 30, 2018, Defendants had access to the electronic patient data.

103.    e-MDs has confirmed the files Defendants provided to Plaintiff SNMN was incomplete. Exh. 5.

104.    On October 25, 2018, John Richard of e-MDs emailed Aaron Garcia, stating:

Aaron,

Attached is the report that details how many folders and files are missing from your docman image folder.

Folders:

30 total
18 missing

> Files:
> 169,104 total
> 133,908 missing
> 0 orphans
>
> Thank you,
>
> John Richard | IT Support Representative
> eMDs |Healthy Solutions. Healthy Patients. Healthy Practice [Exh.
> 5.]

105.    A Defendant Hardin Technology invoice #7281 shows Defendant uploaded electronic patient records regarding Plaintiff SNMN's patients after September 11, 2018. Exh. 6.

106.    On October 29, 2018, Defendant Blake Hardin recorded the following on an invoice:

> Worked with Dr. Henderson's IT again as he could not download entire DocMan folder. [Exh. 6.]

107.    On October 30, 2018, Defendant Blake Hardin recorded the following:

> Continued working with Aaron with Silicon Mesa to download images as he is not able to compete the download. Copied encrypted files to new flash drive for pickup tomorrow. [Exh. 6.]

108.    On October 29, 2018, Defendants had notice Plaintiff SNMD did not have all of electronic patient records.

109.    On January 21, 2019, New Mexico Vein Treatment Center sued Dr. Henderson and Plaintiff SNMN claiming that Dr. Henderson committed misrepresentations by *allegedly* telling patients that he did not have their patient records.[2]

110.    In the lawsuit, New Mexico Vein Treatment claimed it suffered *emotional* harm

---

[2]    New Mexico Vein Treatment abandoned the misrepresentation claim after Dr. Henderson filed a motion to dismiss.

because allegedly: (a) several patients of Plaintiff SNMN called it and requested their patient records; and (b) SNMN/Dr. Henderson (allegedly) did not change the phone number fast enough after the business arrangement ended.

111.   Therefore, New Mexico Vein Treatment claimed it suffered *aggravation* damages from several patients calling it trying to obtain their medical records.

112.   New Mexico Vein Treatment made this allegation even though it is an LLC and therefore cannot suffer *non-economic* damages as a matter of law.

113.   The center piece of the lawsuit is Defendants' (false) letter stating that all the electronic patient records was provided to Plaintiff SNMN on September 7, 2019.

114.   Defendants conspired with New Mexico Vein Treatment in an attempt to harm Plaintiff SNMN.

115.   Had Defendants acted according to the standard of care, they would have transferred all the electronic patient medical records in a useable format on September 7, 2018.

116.   Defendants failed to do so.

117.   Prior to October 30, 2018, Defendant Blake Hardin took no action to correct the factual mistakes in his letter. Exh. 3.

118.   Prior to the filing of this lawsuit, Defendant Blake Hardin took no action to correct the factual mistakes in his letter. Exh. 3.

119.   As of September 7, 2018, Defendant Blake Hardin had experience with e-MD software.

120.   Defendant Hardin's actions and material omissions caused this lawsuit to be filed.

121.   Defendants' action and material omissions interfered with Plaintiff SNMN's

business and caused Plaintiff harm.

122.    As herein alleged, Defendant Hardin's conduct was reckless, wanton, oppressive, and/or fraudulent, thereby making an award of punitive damages appropriate. N.M.R.A., Civ. U.J.I. section 13-861.

**COUNT I**
**(Violation of the Unfair Practices Act)**
**(Against Both Defendants)**

123.    Plaintiff SNMN re-alleges and incorporates each and every allegation set forth in the paragraphs above.

124.    Defendant Hardin is a person within the meaning of the Unfair Practices Act, section 57-12-2(A).

125.    Defendant Hardin Technology is a person within the meaning of the Unfair Practices Act, section 57-12-2(A).

126.    By taking the action as herein alleged, Defendant Hardin engaged in trade or commerce as defined in the Unfair Practices Act, section 57-12-2(C).

127.    By taking the action as herein alleged, Defendant Hardin Technology engaged in trade or commerce as defined in the Unfair Practices Act, section 57-12-2(C).

128.    Defendant Hardin's statements (and material omissions) herein alleged occurred in the course of their business – that is, providing information technology services.

129.    By taking the action as herein alleged, Defendants engaged in unfair and or deceptive trade practices as defined in the Unfair Practices Act, including but not limited to N.M.S.A. §57-12-2(D) (2), (3), (5), (7), (15), (17) and (E).

130.    Defendants also violated the New Mexico Unfair Practices Act by making knowing

misrepresentations in the connection of the sale of information technology services, including but not limited to:

    a. All the electronic patient medical records were provided to Plaintiff SNMN on September 7, 2018;

    b. Not informing Plaintiff the electronic patient medical records being provided were incomplete;

    c. Not ensuring Plaintiff SNMN received all of the electronic patient medical records on September 7, 2018 or soon thereafter;

    d. Not correcting the misrepresentations despite knowing the statements were false;

    e. The electronic patient medical records were no longer available after September 7, 2018;

    f. The patient medical records was not available to any user (and then later accessing it); and,

    g. Making up false excuses attempting to conceal that Defendants had not provided all the electronic patient medical records.

131.    Defendants' own invoice [Exh. 6] demonstrates Defendants' letter [Exh. 3] contains at least one misrepresentation.

132.    Defendants' own invoice [Exh. 6] demonstrates Defendants' letter [Exh. 3] contains violates the NMUPA.

133.    Defendants also made verbal misrepresentations involving the patient records thereby violating the NMUPA.

134.    Defendants' misrepresentations herein alleged resulted in Plaintiff SNMN suffering damages.

135.    Plaintiff SNMN kept its patient records electronically.

136.    Without the electronic patient records, Plaintiff SNMN was limited in its ability to treat patients.

137.    Without the electronic patient records, Plaintiff SNMN was limited in its ability to operate its business.

138.    Defendants' statements occurred in the course of their business, the sale and provision of information technology services.

139.    Defendants' representations had a tendency to deceive any person, including Plaintiff SNMN.

## COUNT II
### (Negligence)
### (Against Defendants)

140.    Plaintiff SNMN re-alleges and incorporates each and every allegation set forth in the paragraphs above.

141.    Defendants owed a duty of care to Plaintiff SNMN to act like a reasonable, prudent provider of information technology.

142.    As herein alleged, Defendants made repeated representation(s) they had provided all of the electronic patient medical records to Plaintiff SNMN on September 7, 2018.

143.    Defendants knew the electronic patient medical records provided were incomplete.

144.    During the period of September 7, 2018 through October 30, 2018, Defendants made up excuses trying to mislead Plaintiff in thinking all the patient medical records had in fact

been provided.

145. Defendants failed to disclose to Plaintiff the material information that they had not provided all of the patient medical records on September 7, 2018.

146. By taking the action herein alleged, Defendants violated their duty.

147. On September 7, 2018, Defendants failed to provide all of the electronic patient medical records of patient files for Plaintiff.

148. On September 7, 2018, Defendants should have transferred all the electronic patient records to Plaintiff and ensured Plaintiff had a working electronic copy of the medical records.

149. Defendants failed to do so.

150. Defendants' breaches caused Plaintiff SNMN's damages, including interfering with its business and causing economic harm to Plaintiff.

## COUNT III
## (Negligent Misrepresentation)
## (Against Defendants)

151. Plaintiff SNMN re-alleges and incorporates each and every allegation set forth in the paragraphs above.

152. Defendants are liable for damages caused by their negligent and material misrepresentations.

153. A material misrepresentation is an untrue statement which a party intends the other party to rely on and upon which the other party did in fact rely.

154. A negligent misrepresentation is one where the speaker has no reasonable ground for believing that the statement made was true.

155. Negligent misrepresentation applies to situations in which the defendant in the

course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies incorrect information for the guidance of others in their business transactions.

156.   Negligent misrepresentation also applies to situations where the defendant has a duty to disclose material facts, but fails to do so.

157.   Defendants made knowing misrepresentations and/or material omission(s), including:

     a.   All the electronic patient medical records were provided to Plaintiff SNMN on September 7, 2018;

     b.   Not informing Plaintiff the patient medical records were incomplete;

     c.   Not correcting the misrepresentations despite knowing the statements were false;

     d.   The electronic patient medical records were no longer available after September 7, 2018; and,

     e.   The patient medical records was not available to any user (and then later Defendants accessing it (as herein shown)); and,

     f.   Making up false excuses attempting to conceal that Defendants had not provided all the patient medical records.

158.   Defendants' knew the misrepresentation had no basis in fact and Defendants were trying to mislead Plaintiff and cause harm to Plaintiff.

159.   Defendants' misrepresentations herein alleged resulted in Plaintiff SNMN suffering damages including not having its electronic patient medical records, limiting in its ability to

provide patient care, having to spend money to obtain the electronic patient medical records, and purchasing an unnecessary license(s), among other things.

160.    Plaintiff SNMN kept its patient records electronically.

161.    Without the electronic patient records, Plaintiff SNMN was limited in its ability to treat patients and to operate its business.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff SNMN prays for judgment against the Defendants as follows:

1.    For all Counts as allowable by law:

    a.    judgment be entered in favor of Plaintiff SNMN and against Defendants;

    b.    judgment Defendants violated Plaintiff SNMN rights and did so willfully as herein alleged;

    c.    judgment Plaintiff SNMN is the prevailing party in this litigation;

    d.    damages, in a sum according to proof at trial and as allowable by law;

    e.    punitive damages and/or exemplary damages, in a sum according to proof at trial and as allowable by law;

    f.    interest on judgment, including prejudgment interest and any other statutory interest, at the legal rate;

    g.    an award of reasonable attorneys' fees and cost as allowed by law; and

    h.    such other and further relief as the Court may deem proper.

2.    For the Counts brought under the New Mexico Unfair Practices Act:

    a.    judgment be entered in favor of Plaintiff SNMN;

    b.    for pre-judgment interest at the highest legal rate, from and after the date of

service of the Complaint;

c.      for attorneys' fees and costs of suit as permitted by law, including but not

limited to the Unfair Practices Act, N.M.S.A. § 57-12-10(C); and,

d.      an award of treble damages pursuant to N.M.S.A. section 57-12-10(B);

e.      an award of $100.00 for each and every violation of the NMUPA pursuant

to N.M.S.A. § 57-12-10(B), including but not limited to:

1.      each file Defendants represented was transferred on September 7,

2018, but in fact was not transferred;

f.      an award of $300.00 for each and every willful violation of the NMUPA

pursuant to N.M.S.A. § 57-12-10(B), including but not limited to:

1.      each file Defendants represented was transferred on September 7,

2018, but in fact was not transferred;

g.      all other available relief under the NMUPA; and,

h.      for such other and further relief as the Court may deem just and proper.

Dated: May 20, 2019.                          Respectfully submitted,

By: */s/ Ben Furth*
     Ben Furth (Bar No. 121402)
     Paul Darby Hibner (Bar No. 145573)
     The Furth Law Firm, P.A.
     780 South Walnut, Building No. 5
     Las Cruces, New Mexico 88001
     Telephone:(575)-522-3996
     Facsimile: (575)-532-5815

     *Attorneys for Plaintiff*