IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SOUTHERN NEW MEXICO
NEUROSURGERY, LLC,

    Plaintiff,

v.                                                                                                           No. 19-cv-0464 SMV/CG

BLAKE HARDIN and
HARDIN TECHNOLOGY MANAGEMENT, LLC,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court sua sponte, following its review of the Complaint [Doc. 1], filed by Plaintiff on May 20, 2019. The Court has a duty to determine whether subject-matter jurisdiction exists sua sponte. *See Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 10th Cir. 1988). The Court, having considered the Complaint, the applicable law, and being otherwise fully advised in the premises, concludes that the Complaint fails to allege the necessary facts of citizenship in order to sustain diversity jurisdiction. Specifically, the Complaint fails to allege the citizenship of each and every member of Plaintiff Southern New Mexico Neurosurgery LLC and Defendant Hardin Technology LLC. Therefore, the Court will grant Plaintiff leave to file an amended complaint no later than June 21, 2019, if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

## BACKGROUND

On May 20, 2019, Plaintiff filed its Complaint, asserting complete diversity between Plaintiff and Defendants and asserting that the amount in controversy exceeds $75,000. [Doc. 1].

at 2. In support of its claim of diversity of citizenship, Plaintiff, which is an LLC, alleges that it "operates," "is headquartered," and "is domiciled" in New Mexico. *Id.* Plaintiff further alleges that Defendant Hardin Technology LLC is "headquartered" in Texas. *Id.* Finally, Plaintiff alleges that Defendant Blake Hardin is domiciled in Texas. *Id.* However, Plaintiff makes no allegation about the citizenship of its own members or the members of Defendant Hardin Technology LLC. *See id.*

## LEGAL STANDARD

A plaintiff is required to assert the basis of subject-matter jurisdiction in its complaint. Fed. R. Civ. P. 8. Additionally, the district court must be satisfied that, indeed, it has subject-matter jurisdiction. *E.g., State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270–71 (10th Cir. 1998). Subject-matter jurisdiction cannot be waived and thus may be raised by the parties or sua sponte at any time. *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

District courts have original jurisdiction of all civil actions in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a) (2018). **Determining the citizenship of a limited liability company is different from determining the citizenship of a corporation under § 1332**. A corporation is deemed to be a citizen of both the state in which it is incorporated and in which it maintains its principal place of business. *See* § 1332(c). **Limited liability companies, however, are treated as partnerships for citizenship purposes and are therefore citizens of each and every state in which any member is a citizen.** *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015).

2

## DISCUSSION

Here, the facts set forth in the Complaint do not sufficiently establish the citizenship of either Plaintiff Southern New Mexico Neurosurgery LLC or Defendant Hardin Technology LLC because they fail to allege the citizenship of the members of either entity. Plaintiff may amend its Complaint to properly allege the citizenship of each and every member of Plaintiff Southern New Mexico Neurosurgery LLC and Defendant Hardin Technology LLC.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff is granted leave amend its Complaint to properly allege diversity of citizenship, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **June 21, 2019**.

**IT IS FURTHER ORDERED** that if such an amended complaint is not filed by **June 21, 2019**, the Court may dismiss this action without prejudice.

**IT IS SO ORDERED.**

                                            **STEPHAN M. VIDMAR**
                                            **United States Magistrate Judge**